IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>NICHOLAS H. PLACHY,<br><br>                    Defendant. | 4:12CR3049<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the magistrate judge's findings and recommendation, Filing No. 34 and Filing No. 36, recommending that the defendant's motion to suppress, Filing No. 23, be denied because the defendant was not in custody when he made incriminating statements to police. The defendant has objected to the findings and recommendation, Filing No. 39, arguing that he was in custody when he was interrogated. Consequently, the defendant contends the statements he made to police before being given *Miranda* warnings should be suppressed. Pursuant to 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the record, including the transcripts and testimony. The court adopts the findings and recommendations of the magistrate judge.

      The government charged the defendant in Count I of the Indictment with receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2); in Count II with possession of visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B); and forfeiture of items related to Counts I and II. Filing No. 1. The magistrate judge made findings of fact. Filing No. 36

at 44:24-45:8. The court adopts those findings and will briefly summarize the facts necessary for this Memorandum and Order.

On April 17, 2012, officers of the Lincoln Police Department arrived at the home of the defendant to serve a search warrant. Investigator Corey Weinmaster acted as the lead investigator. Investigator Weinmaster was the only person who spoke to the defendant during the search, and this conversation was recorded. Tr. 5, Ex. 1. Investigator Weinmaster showed the defendant the search warrant and asked the defendant to step inside. Investigator Weinmaster told the defendant he was not under arrest and was free to leave at any time. Investigator Weinmaster asked the defendant a series of questions. The defendant answered some of the questions and then stated he was not sure if he should be speaking to the officer or not. At that time Investigator Weinmaster told the defendant for the second time that he was free to leave. The defendant was not restrained, did not ask for an attorney, and did not ask to terminate questioning. During the questioning, the defendant made incriminating statements regarding the distribution, receipt and possession of child pornography. The defendant asked what kind of "litigation" this would involve, and Investigator Weinmaster explained what might happen if evidence of child pornography was found, including arrest and going to jail. Thereafter, the officers completed the examination of the defendant's computers. At that time the officers arrested and handcuffed the defendant.

The question in dispute is whether the defendant was in custody during the search. The defendant was told that he was free to terminate the interview and leave, which is "'[t]he most obvious and effective means of demonstrating that a suspect has not been taken into custody.'" *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir.

2004); see also United States v. Huether, 673 F.3d 789, 794 (8th Cir. 2012); United States v. Perrin, 659 F.3d 718, 721 (8th Cir. 2011); United States v. Wolk, 337 F.3d 997, 1006 (8th Cir. 2003). Further, the defendant was questioned in his own home, which is "'not indicative of the type of inherently coercive setting that normally accompanies a custodial interrogation.'" Czichray, 378 F.3d at 826, 830 (internal citation omitted); see also Perrin, 659 F.3d at 721; Wolk, 337 F.3d at 1007. The questioning at issue lasted less than an hour, which was "'certainly not a marathon session designed to overcome [defendant's] will.'" Wolk, 337 F.3d at 1007 (internal citation omitted).

The defendant contends that the atmosphere of the questioning was police-dominated and coercive, because the defendant's movement about the home was restricted while a search warrant was being executed, and the residence was full of police. Filing No. 40 at 7-8. The defendant was also denied permission to use his telephone. The circumstances regarding restricted movement in the home and the number of police officers involved (five in this case) are not uncommon when the execution of a search warrant is involved, and have not been held to impose "custody" on the suspect. See Huether, 673 F.3d at 795; Perrin, 659 F.3d at 721; see also Czichray, 378 F.3d at 828; United States v. Axsom, 289 F.3d 496, 503 (8th Cir. 2002). The denial of permission to use the phone does not constitute, under these circumstances, coercion. Investigator Weinmaster indicated that the phone was likewise the subject of the search warrant and might contain pictures of child pornography. Accordingly, they did not allow the defendant to use the phone, and this decision did not constitute coercion.

The defendant also contends that the questioning became custodial when he was told he would be going to jail. Filing No. 40 at 9. But that statement was conditional: the defendant was told that if incriminating material was found, then he would be arrested. That is not the same as telling the defendant that he was already under arrest. Nor is there any authority suggesting that a defendant's knowledge of how much trouble he might be in can make an environment "custodial"—if it did, then "custody" might be found any time a suspect who knows himself to be guilty finds himself the subject of police investigation. *Compare Perrin*, 659 F.3d at 721. It is, in fact, "appropriate for an investigator to advise a suspect of the potential course and consequences of a criminal investigation." *Czichray*, 378 F.3d at 829. In this case, the defendant knew that police would find evidence of criminal activity that would eventually result in his arrest. That does not mean the defendant was in "custody" for *Miranda* purposes before the evidence was discovered.

The record here does not reflect that the setting was so coercive as to constitute a restriction on the defendant's freedom to depart. *See Czichray*, 378 F.3d at 829. The defendant freely answered the questions asked, became more conversational as the interview progressed, and cooperated in explaining how to access the materials sought. *Compare Huether*, 673 F.3d at 794-95. In sum, on its de novo review, the court agrees with the magistrate judge that the defendant's motion to suppress should be denied.

THEREFORE, IT IS ORDERED:

1. The magistrate judge's findings and recommendation, Filing No. 34 and Filing No. 36, are adopted.

   2. The defendant's motion to suppress, Filing No. 23, is denied.

   3. The objections of the defendant, Filing No. 39, are overruled.

Dated this 5th day of November, 2012.

                                                         BY THE COURT:

                                                         s/ Joseph F. Bataillon
                                                         United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.